IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAFAELA SOSA, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) ) Case No. v. ) ) SUSIE'S DRIVE IN, LTD., RBS WORLDPAY, ) CLASS ACTION INC. and GLOBAL CASH NETWORK, INC., ) JURY DEMANDED ) Defendants. ) | |

## CLASS ACTION COMPLAINT

Rafaela Sosa ("Plaintiff"), by her attorneys, The Consumer Advocacy Center, P.C., states as follows for her Class Action Complaint against Susie's Drive In, Ltd., RBS Worldpay, Inc. and Global Cash Network, Inc. ("Defendants").

### The Parties

1. Plaintiff is an Illinois citizen and resides in this district.

2. Defendant Susie's Drive In, Ltd. ("Susie's") is an Illinois corporation with its principal place of business in this district.

3. Defendant Global Cash Network, Inc. ("GCN") is an Illinois corporation with its principal place of business in this district.

4. Defendant RBS Worldpay, Inc. ("RBS") is a Georgia corporation with its principle place of business in Atlanta, Georgia.

## Jurisdiction and Venue

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* and Regulation E, 12 C.F.R. § 205.1 *et seq.*

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district.

## Statutory/Regulatory Authority

7. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

8. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed ("Posted Fee Notice") and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

9. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## Facts

10. On April 16, 2009, Plaintiff used ATM number LK642604 ("ATM at Issue"), located at the Susie's Drive In at 4126 W. Montrose Avenue, Chicago, IL 60641.

11. On April 16, 2009, Plaintiff was charged $2.00 to withdraw money from the ATM at Issue.

12. On April 16, 2009, there was no Posted Fee Notice posted on or near the ATM at Issue that disclosed that users would be charged any fee for using ATM at Issue.

## COUNT I
## VIOLATION OF EFTA AND REGULATION E

13. Plaintiff incorporates herein by reference paragraphs 1-12.

14. Plaintiff brings this Count on behalf of herself and a Class of all persons who were charged a transaction fee for the use of automated teller machine number ATM LK642604, located at the Susie's Drive In at 4126 W. Montrose Avenue, Chicago, IL 60641.

15. On information and belief, the putative Class consists of hundreds of persons and is so numerous that joinder of all putative Class members, whether otherwise required or permitted, is impracticable. The actual number of putative Class members is in the exclusive control of one or more Defendants.

16. Questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

   (a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, one or more Defendants was the ATM operator at all relevant times during that class period that imposed a fee on consumers for providing host transfer services to those consumers; and

   (b) Whether, at all relevant times during the class period, one or more Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

17. Plaintiff's claims are typical of the claims of the putative Class members, including:

   (a) Plaintiff and all putative Class members used an ATM operated by one or more Defendants;

   (b) One or more Defendants failed to provide notice compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

      (c)    One or more Defendants illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM at Issue.

18. Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has hired counsel able and experienced in class action litigation.

19. Questions of law or fact common to the putative class predominate over any questions affecting only individual putative Class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

20. This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

21. The size of each putative Class member's actual damages is too small to make individual litigation an economically viable option.

22. No unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative Class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

23. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Susie's was an ATM operator at all times relevant to this action.

24. Alternatively, or in addition to the allegation in paragraph 23, pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), GCN was an ATM operator at all times relevant to this action.

25. Alternatively, or in addition to the allegation in paragraphs 23 and 24, pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), RBS was an ATM operator at all times relevant to this action.

26. Susie's and/or GCN and/or RBS were the operators of the ATM at Issue at all times relevant to this action.

27. Susie's and/or GNC and/or RBS failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

28. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Susie's and/or GCN and/or RBS therefore illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM at Issue.

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, requests that this Court enter judgment in her favor and against Susie's Drive In, Ltd,. RBS Worldpay, Inc., and Global Cash Network, Inc., and award the following:

A. Actual and statutory damages as set forth in the EFTA and Regulation E;

B. Attorneys' fees and costs of suit; and

C. Such other relief as this Court deems proper.

**Plaintiff Demands A Trial By Jury**

RAFAELA SOSA, Plaintiff,

By:    s/ Lance A. Raphael
Lance A. Raphael, One Of Her Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808