UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAFAELA SOSA, individually and on behalf of all other similarly situated, <br><br>　　　　　Plaintiff, <br><br>v. <br><br>SUSIE'S DRIVE IN, LTD., RBS WORLDPAY, INC. and GLOBAL CASH NETWORK, INC., <br><br>　　　　　Defendants. | Case No. 10 CV 1693 |

**MEMORANDUM OF LAW IN SUPPORT OF GLOBAL CASH NETWORK, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)**

NOW COMES Defendant Global Cash Network, Inc. ("GCN"), by and through its attorneys, Piccione, Keeley & Associates, Ltd., and for its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6), states as follows.

### Introduction

Plaintiff Raphaela Sosa ("Plaintiff"), individually and on behalf of all persons similarly situated, has filed a class action against Defendants Susie's Drive In, Ltd. ("Susie's"), RBS Worldpay, Inc. ("RBS"), and GCN, alleging violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. sec. 1693 et. seq., and its implementing regulation, 12 C.F.R. Sec. 205 et seq.

Plaintiff's Complaint is devoid of factual allegations as to either GCN's connection with the automated teller machine ("ATM") at issue, the business or services provided by GCN, GCN's connection with the other Defendants, or how GCN allegedly breached the EFTA. There are three paragraphs in the "Facts" section of Plaintiff's Complaint, and those paragraphs contain the sole factual allegations in the Complaint: 1) that on April 16, 2009, Plaintiff used an ATM located at Susie's; 2) that Plaintiff "was charged" a $2.00 fee, and 3) that allegedly no notice was posted on or near the outside of the ATM

1

which disclosed that users would be charged a fee for using the ATM. (Paras. 10-12). The remainder of Plaintiff's Complaint is a recitation of the statutory language, and legal conclusions. It is impossible to discern from Plaintiff's Complaint what GCN or any defendant's alleged role or responsibility was in connection with either the ATM or the alleged breach of the statute. In particular, Plaintiff fails to allege which Defendant imposed the $2.00 fee on the Plaintiff.

Plaintiff alleges that Plaintiff and all putative class members used an ATM operated "by one or more Defendants" and that "one or more Defendants failed to provide notice compliant with 15 U.S. C. Sec. 1693b(d)(3) and 12 C.F.R. Sec. 205.16(c), and "one or more Defendants illegally imposed a fee on Plaintiff…". (Para. 17 (a)-(c))

Plaintiff concludes further that Susie's was the operator of the ATM (Para. 23). She alleges alternatively, again without any factual support, that either GCN (Para. 24) or RBS were operators of the ATM. (Para. 25). (See also Para. 26 of Complaint.)

Plaintiff then with absolutely no factual support alleges that "Susie's and/or GCN and/or RBS" "failed to comply with the notice requirements of the statute," (Para. 27), and that "Susie's and/or GCN and/or RBS therefore illegally imposed a fee on Plaintiff …" (Para. 28). It is impossible to determine from the Complaint which Defendant imposed the fee on the Plaintiff; such an allegation is necessary to state a claim under the EFTA.

Nor are there any factual allegations in the Complaint which set forth any duty of GCN to comply with the EFTA, let alone establish that GCN imposed the fee that the Plaintiff was charged, or that GCN, if subject to the statute, had an obligation to post a notice.

Finally, Plaintiff seeks actual damages, without pleading any factual allegations showing that the alleged lack of notice was the proximate cause of her harm.

For all of the foregoing reasons, the Plaintiff's Complaint must be dismissed.

**Statutory Framework**

The statute, 15 U.S.C. Sec. 1693(b)(d) provides, in relevant part:

(A)  In general

The regulations prescribed under paragraph (1) shall require any automated teller machine *operator who imposes a fee* **on any consumer** for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of-

(i) the fact that a fee is imposed by such operator for providing the service; and

(ii) the amount of any such fee.

(B)  Notice requirements

(i) On the machine

**The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph** shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii) On the screen

**The notice required under clause (i) and (i) of subparagraph (A) with respect to any fee described in such subparagraph** shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction…

(C)  Prohibition on fees not properly disclosed and explicitly assumed by consumer

**No fee** *may be imposed by any automated teller machine operator* **in connection with any electronic fund transfer initiated by a consumer** for which a notice is required under subparagraph (A), unless-

(i) the consumer receives such notice in accordance with subparagraph (B); and

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

(D)  Definitions

For purposes of this paragraph, the following definitions shall apply:

(i) Automated teller machine operator

The term "automated teller machine operator" means any person who-

(I) operates an automated teller machine at which consumers initiate electronic fund transfers; and

(II) is not the financial institution that holds the account of such consumer from which the transfer is made." (emphasis added)

The relevant regulation provides:

"205.16 Disclosures at automated teller machines

(b) General. An automated teller machine **operator that imposes a fee** on a **consumer** for initiating an electronic fund transfer or a balance inquiry shall:

(1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

(2) Disclose the amount of the fee.

12 C.F.R. Sec. 205.16 (emphasis added)

## ARGUMENT

1. <u>Plaintiff's Complaint does not meet the pleading standards established by the Supreme Court and the Seventh Circuit.</u>

To state a cause of action under the EFTA, Plaintiff must allege that GCN is an ATM operator and that GCN imposed a fee on a consumer to use the ATM. As set forth in ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 444, 127 S. Ct. 1955 (2007), in order to survive a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. 127 S. Ct. at 1974. Here, Plaintiff has failed to do that with respect to GCN, since it is absolutely unclear from the Complaint what role, if any, GCN played in connection with the ATM at issue.

Moreover, what remains of Plaintiff's Complaint is legal conclusions which are pled in the alternative, that GCN was an operator, and again in the alternative, that it illegally

4

imposed a fee. These legal conclusions cannot be taken as true for purposes of this motion to dismiss:

> "While a complaint attacked by a Rule 12( b)( 6) motion to dismiss does not need detailed factual allegations, (citation omitted);*Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")." **Id.**

In **Twombly**, an antitrust case, the Court held that a conclusory allegation of an agreement at some unidentified point does not supply facts adequate to show illegality. Accordingly, the Court found that the plaintiff had not "nudged their claim across the line from conceivable to plausible." **Id.** Accordingly, the complaint was properly dismissed.

The same is true here. Other than the conclusions that, in the alternative, GCN was an operator of the ATM, and that, again in the alternative, it illegally imposed a fee, the Complaint is entirely without factual allegations to support any of those conclusions and accordingly fails to meet the pleading standard. In particular, it alleges no facts as to which of the three (3) Defendants imposed the $2.00 fee at issue on Plaintiff.

In **Brooks v. Ross,** 578 F. 3d 574 (7th Cir. 2009), the Court held that in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. There, the plaintiff's allegations of due process violations included vague phrasing that "one or more of the defendants" had engaged in certain conduct or deprived him of his rights. However, the Court found that the paragraphs including specific allegations of factual conduct were as consistent with lawful actions as with unlawful ones, so the complaint was properly dismissed.

Here, there are no specific allegations of factual conduct whatsoever, and, as in **Brooks,** the case must be dismissed.

2.  <u>Here, there are no factual allegations to support the legal conclusion that GCN, or any defendant, was the operator of the ATM which imposed a fee on consumers in connection with the use of the ATM.</u>

Plaintiff's Complaint pleads in a conclusory fashion that Susie's was the operator of the ATM, or, in the alternative, that one of the other defendants was the operator, and that Susie's and/or GCN and/or RBS "therefore illegally imposed a fee on Plaintiff." (Para. 28.) Nowhere does Plaintiff allege that any single defendant was the operator *and* that the same defendant imposed the fee, both of which are required to state a claim for liability under the EFTA. In **Azose v. Washington Mutual Bank**, 588 F. Supp. 2d 366 (E.D. N.Y. 2008), the Court granted defendant Chase Bank's Motion to dismiss where the plaintiff alleged that Chase was the operator of the ATM but that Washington Mutual was the entity charging its customers fees. There, Chase argued that the plaintiff did not allege that *Chase* charged them a fee, and that Chase had no obligation to disclose that Washington Mutual was charging its customers a fee. The Court agreed. It is clear under the EFTA and case law that the statute's notice requirements only apply to an ATM operator which also imposes a fee on a consumer. *Id*. at 372 – 373.

In **Azose v. JP Morgan Chase Bank**, 2010 WL 376632 (E.D.N.Y), the Court considered an amended complaint between the same parties. This time, the plaintiff alleged that Chase and Washington Mutual participated in a "shared network" arrangement in which Washington Mutual paid Chase a fee for transactions made by Washington Mutual when plaintiffs used the Chase ATM. Again, the Court granted the motion to dismiss because Chase itself did not impose any fees on consumers, as required under the EFTA to trigger the notice requirement. The Court found that the allegations of the banking network arrangement "do not lead to any ATM disclosure obligations on the part of Chase because there is no allegation that Chase imposed a fee on Plaintiffs in any of the transactions." Here, as in the **Azose** cases, there is no allegation that the operator imposed the fee, as required by the statute, so the case must be dismissed.

Moreover, it simply is not plausible that all three Defendants charged Plaintiff the $2.00 fee to use the ATM in question. Under her "Facts" section of the Complaint, Plaintiff

6

fails to allege who charged the $2.00 fee. Plaintiff only alleges that she was charged a fee while using an ATM located at Susie's. Plaintiff fails to allege how GCN is connected with the ATM or the other Defendants or what services GCN provides concerning the ATM. There is no allegation to suggest that GCN charged Plaintiff the $2.00 fee to use the ATM at Susie's.[1]

3.  <u>Plaintiff fails to plead detrimental reliance, as is required to support a claim for actual damages</u>.

The only allegation in Plaintiff's Complaint regarding actual damages is in her prayer for relief. There are no allegations anywhere in her Complaint, conclusory or otherwise, that suggest that the claimed lack of notice was the proximate cause of any damage suffered by Plaintiff. Without such allegations, Plaintiff's request for actual damages must be stricken and dismissed. ***Voeks v. Pilot Travel Centers***, 560 F. Supp. 2d 718 (E.D. Wis. 2008)(motion to dismiss claim for actual damages granted where plaintiff failed to plead detrimental reliance on the lack of notice).

**Conclusion**

Although the Federal Rules of Civil Procedure require notice pleading, Plaintiff has failed to meet the standard for the pleading, as set forth by the U.S. Supreme Court and in this Circuit. The Complaint is devoid of factual allegations regarding GCN generally, or its role with respect to the ATM. It also lacks factual allegations that the operator of the ATM was the same entity which imposed the fee, and further, that that entity failed to post the notice. In attempting to keep her options open with respect to the Defendants' liability, Plaintiff has failed to state a claim for relief against GCN under the EFTA and regulations. There is simply no factual allegation that GCN imposed any fee on Plaintiff to use the ATM at Susie's, and as shown by the Master Processing Agreement, Plaintiff cannot allege that GCN imposed a fee on Plaintiff to use the ATM

---

[1] Plaintiff cannot allege that GCN charged Plaintiff the $2.00 fee to use the ATM, as GCN did not charge Plaintiff any fee; under Susie's Master Processing Agreement with GCN, it was entirely up to Susie's, as the Merchant, to determine whether to charge a consumer a fee, and how much of a fee to charge. As set forth in the Master Processing Agreement, GCN received no part of any fee charged to any consumer by Susie's to use the ATM (See Paras. 3 and 4 of Exhibit 1 to GCN's Motion to Dismiss).

7

at Susie's. Finally, the Complaint lacks any allegation that the Plaintiff suffered actual damage because she relied to her detriment on the alleged lack of a posted notice. For the foregoing reasons, GCN's Motion should be granted and Plaintiff's Complaint should be dismissed.

Dated: August 17, 2010

/s/ Patrick C. Keeley
_____
Patrick C. Keeley
One of the attorneys for Defendant
Global Cash Network, Inc.

PICCIONE, KEELEY & ASSOCAITES, LTD.
Attorneys of record of Defendant
Global Cash Network, Inc.

Patrick C. Keeley
Thomas A. Jackson
Jason Singleton
PICCIONE, KEELEY & ASSOCIATES, LTD.
122C South County Farm Road
Wheaton, IL 60187
630-653-8000

J:\LIT\GlobalCash\Sosa\P\MemoLawMTD.docx