UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **RAFAELA SOSA**, individually and on behalf of all other similar situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-cv-1693 |
| vs. | ) ) | Judge Samuel Der-Yeghiayan |
| **SUSIE'S DRIVE IN, LTD., RBS WORLDPAY, INC. AND GLOBAL CASH NETWORK, INC.**, | ) ) ) ) | |
| Defendants. | ) | |

### RBS WORLDPAY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

RBS WorldPay, Inc., by and through its counsel, hereby respectfully moves pursuant to Rule 12(b)(6) for dismissal of the Complaint, and, in support thereof, states as follows:

1. Plaintiff Rafaela Sosa brings this putative class action individually and on behalf of all others similarly situated alleging, through a single count, that the Defendants, Susie's Drive In, Ltd. ("Susie's"), RBS WorldPay, Inc ("RBS"), and Global Cash Network, Inc. ("GCN") violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA").

2. Pursuant to Federal Rule of Civil Procedure 8, as well as the instructive guidance of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009), to state a cause of action against the each of the Defendants, Sosa must do more than simply plead facts that are "merely consistent with" a defendant's liability. *Twombly*, 550 U.S. at 556-57. Rather, Plaintiff must set forth facts which support any legal conclusions set forth in the complaint, with more than simply "threadbare recitals of the elements of the cause of action, supported by mere conclusory statements… ." *Iqbal*, 129 S.Ct. at 1949-50.

3. Where a complaint does not attach relevant documents, but those document form an integral part of the allegations of the complaint, a Court may consider those documents when ruling on a 12(b)(6) motion. *Continental Cas. Co. v. American Nat'l Ins. Co.*, 417 F.3d 727, 731 n.2, 3 (7th Cir. 2005)

4. Here, two contracts set forth the relationships between the three named defendants in this case. When read together, these contracts make clear that RBS neither operates the ATM nor collects a fee from a consumer as a result of the usage of the machine.

WHEREFORE, Defendant RBS WorldPay, Inc. respectfully moves this Court dismiss the Complaint against it, and provide any further relief deemed just and appropriate.

**DATED:** **August 17, 2010**　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　**RBS WORLDPAY, INC.**


　　　　　　　　　　　　　　　　　　　　　　　By: ____s/ Jason P. Stiehl_____ _
　　　　　　　　　　　　　　　　　　　　　　　　　　　One of Their Attorneys

Daniel M. Blouin
Jason P. Stiehl
Seyfarth Shaw LLP
131 S. Dearborn St., Ste. 2400
Chicago, IL  60603
(312) 460-5000

## **CERTIFICATE OF SERVICE**

I, Jason P. Stiehl, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing RBS WORLDPAY INC'S MOTION TO DISMISS to be filed electronically. Notice of this filing will be sent by operation of the Court's MCM/ECF electronic filing system to all counsel of record.

                                                                              s/ Jason P. Stiehl

12632273v.1