**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **RAFAELA SOSA**, individually and on behalf of all other similar situated, )<br>)<br>) | |
| Plaintiff, ) | Case No. 10-cv-1693 |
| ) | |
| vs. ) | Judge Samuel Der-Yeghiayan |
| ) | |
| **SUSIE'S DRIVE IN, LTD., RBS WORLDPAY, INC. AND GLOBAL CASH NETWORK, INC.,** )<br>) | |
| ) | |
| Defendants. ) | |

**RBS WORLDPAY, INC.'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Electronic Funds Transfer Act ("EFTA"), provides that an operator of an automated teller machine ("ATM") may be liable under certain circumstances if it imposes a transaction fee on a consumer. Notably, in the present case RBS WorldPay, Inc. ("RBS") is not an "operator" as defined under the statute, and thus, has no liability. This fact is made clear by the contractual documents related to the operation of the ATM at issue. For this reason alone, plaintiff has no basis upon which to pursue the stated claim, and thus, the complaint should be dismissed.

**STANDARD FOR MOTION TO DISMISS**

Factual allegations of a complaint must rise above speculation and must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, while the standard under the Federal Rules of Civil Procedure remains that a court must accept all factual allegations as true, the Supreme Court emphasized that a court need not accept either legal conclusions or conclusory statements. *Id.* at 557, 127 S.Ct. 1955, 167 L.Ed.2d 929. Therefore, a plaintiff must do more than state mere conclusions to "unlock the doors of discovery." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868

(2009). Further, although typically documents "outside the pleadings" should not be considered at the motion to dismiss stage, a court may look to documents integral to a plaintiff's complaint, even if they are not attached to the complaint. *Continental Cas. Co. v. American Nat'l Ins. Co.*, 417 F.3d 727, 731 n.2, 3 (7th Cir. 2005); *see also Dunkin' Donuts, Inc. v. Tejany & Tejany, Inc.*, No. 05 C 4770, * 1, fn. 1 (N.D. Ill. Jan 18, 2006) (holding franchise agreements not attached to complaint integral to dispute between franchisee and franchisor).

## FACTS

On April 16, 2009, Plaintiff Rafaela Sosa ("Sosa") used an ATM located at Susie's Drive In ("Susie's"), located at 4126 W. Montrose Ave., Chicago, Illinois 60641. Complaint, ¶ 10. Plaintiff alleges she was charged $2.00 to use the ATM at that location, although she does not state which of the three defendants-- Susie's Drive In, Ltd. ("Susie's"), RBS or Global Cash Network, Inc. ("GCN")-- charged the fee. Complaint, ¶ 11. Plaintiff does not allege that the machine did not provide her notice that a fee would be charged, only that there was no physical notice of a fee on the machine. Complaint, ¶ 12. Sosa then alleges, in "and/or" fashion that "Susie's and/or GCN and/or RBS were the operators of the ATM at Issue," Complaint, ¶ 26, "Susie's and/or GCN and/or RBS failed to comply with the notice requirement," Complaint, ¶ 27, and "Susie's and/or GCN and/or RBS therefore illegally imposed a fee on Plaintiff…," Complaint, ¶ 28.

Contracts exist which set forth the relationship between RBS and GCN, as well as the relationship between GCN and Susie's, both of which were provided to Plaintiff's counsel prior to service of the complaint on RBS in this case. The contract between RBS and GCN is entitled the "ATM Service Distribution Agreement," hereinafter "Service Agreement", and sets forth the duties and obligations placed upon RBS and the Distributor, GCN. See, *generally*, Service

Agreement (attached hereto as Exhibit A). In essence, the Service Agreement requires RBS to use its best efforts to route each transaction processed by GCN at a remote ATM location to the necessary bank to ensure that the consumer utilizing the machine receives her funds. See Service Agreement, ¶¶ 2.2, 2.3. This agreement therefore allows a distributor, such as GCN, to enter into a contract with its customer to install and test the ATM at the customer's location, including training its customers. See Service Agreement, ¶ 3.3. In return, RBS charges GCN a fee of $0.08 per transaction which occurs on the ATM installed by GCN and used by its customer. See Service Agreement, Exhibit A. GCN recovers any "fee residuals" from this transaction, which can include interchange fees, customer transaction charges and network fees. See Service Agreement, ¶ 7.0.

GCN, in turn, contracts with its customers using a Master Processing Agreement, such as the one it entered into with Susie's Drive In, Ltd. See Master Processing Agreement. This agreement provides the vehicle through which GCN processes transactions for its customers, and potentially allows GCN to recover a portion of the surcharge charged to the consumer for use of the machine. Id. at ¶ 3. However, and notable for this litigation, GCN provides 100% of the surcharge charged to Susie's. Id.

## ARGUMENT

Plaintiff's conclusory allegations as to which defendant was the operator, which defendant failed to comply with the notice and which defendant imposed the fee clearly fails to comply with the requirement of both *Twombly* and *Iqbal* that a Plaintiff rely on more than a recitation of the elements of a cause of action and legal conclusions to satisfy Rule 8. See, e.g., *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009) (affirming grant of motion to dismiss where plaintiff used vague phrasing of "one or more defendants" engaged in improper conduct); *Romeo*

*v. Countrywide Bank, N.A.*, No. C 07-4491, 2010 WL 2985539, * 4 (N.D. Cal. July 27, 2010) (granting motion to dismiss where plaintiff referred to defendant's conduct using "and/or" holding that "[t]reating disparate parties identically, without explanation, denies each individual party of a fair and meaningful opportunity to defend itself."). Plaintiff's continuation with the current suit as plead, however, presents greater concern beyond simply inadequate pleading. On April 14, 2010, RBS provided Plaintiff's counsel with both the Service Agreement as well as the Master Processing Agreement. The contracts provided to counsel for Plaintiff are integral to Plaintiff's allegations regarding the operation and legal requirements placed on the entities named in this suit. *See*, *e.g.*, *Azose v. J.P. Morgan Chase Bank*, No. 07-CV-4995, 2010 WL 376632 (E.D.N.Y. Jan. 26, 2010) (on motion to dismiss, reviewing agreements between Defendants to determine whether bank was an ATM operator).

     The EFTA applies only to "any automated teller machine operator who imposes a fee on any consumer… ." 15 U.S.C. 1693(b)(d)(A); *see also* 12 C.F.R. § 205.16 (requiring notice of a fee be made by "[a]n automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry… .") Here, the contracts each make clear that RBS neither operates nor collects a fee from the consumer for use of the ATM at Susie's Drive-In, nor does RBS have any responsibility for the signage on the machine. For example, Paragraph 3.3 of the GCN contract places the responsibility of maintaining proper signage with the Distributor, in this case GCN. See Service Agreement ¶ 3.3. Further, the contract between GCN and Susie's makes clear that Susie's receives "100% of the surcharge for all withdrawals that receive a surcharge." Master Processing Agreement, ¶ 3. That contract further makes crystal clear that GCN will receive a fee equal to "zero" percent of the gross monthly surcharges, to the extent that Susie's chooses to impose a surcharge. *Id.* ¶ 4. Again,

4

these contracts make clear that RBS neither operates the ATM nor collects a fee from a consumer as a result of the usage of the machine. RBS's early provision of them to Plaintiff's counsel should have resulted in the immediate voluntary dismissal of RBS.

## **CONCLUSION**

While the federal rules allow for notice pleading, they also require an appropriate factual investigation as well as a pleading which sets out more than legal conclusions alone. RBS respectfully requests this Court dismiss the complaint as to it, and award any other relief deemed appropriate under the circumstances.

**DATED:** **August 17, 2010**                  Respectfully submitted,

                                                                     **RBS WORLDPAY, INC.**

                                        By:      s/ Jason P. Stiehl
                                                        One of Their Attorneys

Daniel M. Blouin
Jason P. Stiehl
Seyfarth Shaw LLP
131 S. Dearborn St., Ste. 2400
Chicago, IL  60603
(312) 460-5000

## **CERTIFICATE OF SERVICE**

I, Jason P. Stiehl, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing RBS WORLDPAY INC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS to be filed electronically.  Notice of this filing will be sent by operation of the Court's MCM/ECF electronic filing system to all counsel of record.

                                                                                                                         s/ Jason P. Stiehl

12629337v.1